The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| BRETT EDWARD PORTER & | CASE NO. 10-60847 |
| ROBYN ELIZABETH PORTER, | ADV. NO. 10-6069 |
| Debtors. | JUDGE RUSS KENDIG |
| CANTON FINANCIAL, | |
| Plaintiff, | |
| v. | |
| BRETT EDWARD PORTER & | **MEMORANDUM OF OPINION** |
| ROBYN ELIZABETH PORTER, | **(NOT FOR PUBLICATION)** |
| Defendants. | |

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On June 21, 2010, plaintiff Canton Financial ("plaintiff") filed this complaint against debtor-defendants Brett Edward Porter and Robyn Elizabeth Porter ("debtors"). The complaint alleges that plaintiff holds a purchase money security interest in debtors' jewelry and that the debt is not dischargable because the debtors have not redeemed or surrendered the collateral or reaffirmed the debt as required by 11 U.S.C. § 521(a)(6).[1] The debtors respond that they have lost the jewelry and that section 521(a)(6) does not provide a basis for non-dischargability. Both the plaintiff and debtors request an award of attorney fees if they prevail on the motion.

## LAW AND ANALYSIS

Section 521(a)(6) provides in relevant part as follows:

> (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341 (a), either—
>
> > (A) enters into an agreement with the creditor pursuant to section 524 (c) with respect to the claim secured by such property; or
> > (B) redeems such property from the security interest pursuant to section 722; and
>
> ...
>
> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362 (a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law. . . .

Plaintiff's legal theory is meritless. Section 521(a)(6) does not provide a basis for nondischargability. Rather, it provides a mechanism for lifting the automatic stay and excluding property from the estate. Accordingly, the debtors' motion for summary judgment must be granted.

Debtors also request attorney fees pursuant to Federal Rule of Bankruptcy Procedure

---

[1] In her response, plaintiff suggests for the first time that 11 U.S.C. § 105 provides a basis for nondischargability. The Court disregards this suggestion as beyond the scope of the pleadings. Further, section 105 does not provide any such remedy. It is an enabling provision that allows Courts to take actions to make the stated language of the code effective. It is not a provision by whereby bankruptcy judges become free-floating diviners of justice.

9011(b) and the Court's inherent powers. The Court has the power to award sanctions for the full range of litigation abuses. Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). However, the Court has broad discretion in determining whether an award of attorney fees is appropriate in a particular case. *See* In re Triple S Restaurants, Inc., 130 Fed. Appx. 766 (6th Cir. 2005).

The Court declines to award attorney fees in this case because the plaintiff was not unreasonable to file its complaint. Although there is no evidence of misconduct by the debtors in this case, common sense suggests that debtors sometimes sell jewelry out of trust. Moreover, positions may be meritorious, though wrong, by seeking to extend the law. Fed. R. Civ. P. 11(b)(2). The plaintiff's complaint might have played out differently if plaintiff's counsel identified a meritorious legal theory and discovery revealed misconduct by the debtors.

An order will issue with this opinion.

\#     \#     \#

Service List:

Canton Financial
7100 Whipple Avenue NW, #A
North Canton, OH 44720

Pauline Remenyi Aydin
Pauline Aydin, Esq.
7100 Whipple Avenue NW
North Canton, OH 44720

Brett Edward Porter
232 Schoenbrunn Dr. NE
New Philadelphia, OH 44663

Robyn Elizabeth Porter
232 Schoenbrunn Dr. NE
New Philadelphia, OH 44663

Nicole L. Rohr
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708